Good morning. Everybody survived the elements this morning. I appreciate everyone being here and recognizing it was probably in everybody's interest to go forward with our proceedings this morning. Judge Rosenbaum and I are pleased to welcome our colleague from the Southern District of Florida, Judge Moore. This is not his first time by any means to hear oral arguments with us. We frequently have district judges in our circuit assist us in our work. They do so despite having a full caseload in their district. This is extra work for no extra pay. We appreciate his willingness to assist us this week. It's often helpful to have their perspective. Judge Rosenbaum is familiar with a lot of that work because she served on that district court as well. We're familiar with the cases that we're going to hear this morning. We've read your briefs, the authorities cited in your briefs, and we've looked at at least portions of the record. So in the limited time that's available to you, you should feel free to get straight to the heart of your argument. Whatever you're not able to address in that limited time, of course, that's otherwise addressed in your briefs will still be before us and submitted to us on the briefs. Please do not treat the red light as aspirational. When the red light shines, please pay attention and it is time to wrap it up. In the event that you're answering a question from the court, you can, of course, finish up your answer and we'll then move on. And if we need to give you more time, we will. So we're going to first hear, we've got four cases this morning. We're first going to hear United States v. Amadeo. Ms. Middleman, will you come speak with us, please? Good morning, Your Honor. It's Elaine Middleman for Frank Amadeo. May it please the Court, I'd like to reserve three minutes for rebuttal. I think the fundamental issue in this case is whether the district court had authority or jurisdiction to enter the order to vacate, partially vacate the final forfeiture order. And so then the next question... Before we get to that question, I wonder whether your client has standing to complain about it, whether the district court had that jurisdiction or not. And let me tell you where I'm coming from. Okay, so in 2010, I believe, an order was entered in this case where this court dismissed an appeal from the final forfeiture order by your client and ruled that your client forfeited whatever interest he had in any of the property listed in the final forfeiture order when the preliminary forfeiture order was entered. And for that reason, this court ruled that your client lacks standing to complain about anything in the final forfeiture order. Now, here we are almost nine years later, and the district court has vacated the final forfeiture order, but has not said anything about, as I can tell, from what I can tell, about the preliminary forfeiture order, which we held earlier, which we ruled earlier, divested your client of any interest in any of these properties, including the two shell companies we're here to talk about today. It seems to me that that order, regardless of what happened in the other case, the 2010 order, it seemed to me was law of the case that your client has no interest in any of these properties. And therefore, it would seem to follow, cannot complain about the vacatur of the final forfeiture order any more than he could, or the partial vacatur, I should say, any more than he could complain about the entry of the final forfeiture order. What am I missing? I mean, you very expertly set out the facts and the very awkward situation this case is in. I think that the term standing is kind of a generic term, and I believe, I understand there was a previous order, but I think that was based on Mr. Amadeo's filing a motion himself. In this case, it was the government that filed the motion, so I don't think it's really the same situation. Before Mr. Amadeo did anything in this particular segment of the case, it was the government that filed the motion to partially vacate the final forfeiture order, and then the court ruled. And he was served with that motion, was he not? I believe so. And he didn't respond? I think, I don't recall. I believe the court may have ruled very rapidly. I'm not sure. But in any event, he didn't file a motion for reconsideration. But, I mean, he's filing a motion for reconsideration after failing to respond to the government's motion. That's probably correct, but I don't think that precludes him from filing a motion for reconsideration. I mean, again, that. Didn't he waive it? I mean, if he didn't. No, I don't. I think there's a lot of cases. If you don't respond to a motion, what does that mean? I mean, I don't think you're required. I mean, it obviously would be better, but I don't think you're required. I can supplement the record if I find out more information about that. But I think that no matter what, the issue of standing is different than whether he filed an opposition to the pending motion. I think anybody's. I agree with that. Okay. So the preliminary forfeiture order is final. And it was entered October 2, 2008. And I'm reading from the order that was entered in this court on March 26, 2010. Right. And it says this appeal is dismissed for lack of jurisdiction. That is your client's appeal from the final forfeiture order. Right? That's correct. All that's correct. And then it says the district court's October 2, 2008 preliminary order for forfeiture fully and finally resolved all of Frank Amadeo's interest in the properties referenced in the November 18, 2009 final forfeiture order. Accordingly, Amadeo lacks standing to challenge the November 18, 2000 order. And this court lacks jurisdiction over his appeal from that order. So that's what the order of this court said. Do you agree with me that whatever that order says is law of the case in this case? Again, I think I certainly am following what you're saying. But I think that that is a different situation because here you're faced with the government filing the motion. Let me ask you a question, though. The only way that I could see that there could possibly be standing here is if the district court's vacator of the forfeiture, the final forfeiture order, somehow revested your client with an interest in the property. If it did that, then I think your client has standing. Right. The government specifically asks that the court do that, and the order does not appear to do that. So my question for you is, number one, is it your position that the court did that? And if so, where does that come from? And number two, if the court did not do that, then how do you get to standing? Those, again, very good questions. I think that the four questions that were given to us to answer in this appeal by the court, they raise some of the points that you just said. And so they do at least raise an issue of whether Mr. Amadeo somehow did get the property back. So I think that does implicate, at least on some level, whether or not he has an interest. Well, do you contend that he got his interest back in those two companies? I think that it's left in limbo. Again, I think it's really better to focus rather than focusing on standing. Do you agree with Judge Rosenbaum that if he didn't, then you don't have standing? I think that's an open question because it was, again, when the government filed a motion that really was not based on the statute or procedure, it left a very awkward situation as to what the ownership is. Here's what's frustrating me about this. The late Justice Scalia once gave a lecture about standing, and he said, you know, standing is like asking in just layman's terms, what's it to you? Right. And what I'm trying to understand from this record is how the vacature of the final forfeiture order affects your client. In other words, what's it to you? Again, they were his properties. If there's a chance they could revert to him. And if I could just say— You're not saying, though, that they have. I don't think that's so determined. What you're saying is you don't know? I think that's what even the government said, that the title is left undetermined. Well, is your client's interest served then if we were to rule as we did nine years ago, that no interest reverts to your client? Are you satisfied if that's what we rule? As long as you know that no interest reverts to your client, you don't have a complaint here? No, I think he still is. Let me just say, I think the whole doctrine of standing, and I'm very, you know, a follower of Justice Scalia and the whole standing question, but that standing really applies in civil cases more than criminal cases. No, no, no, no, no, no, no. Article III of the Constitution grants federal courts jurisdiction over cases and controversies. The Constitution establishes the requirement for standing. What we're talking about is standing as a matter of Article III. This is constitutional standing. That applies to any case or controversy, criminal, civil, doesn't matter. Do you disagree with that? No, but I think, again, I think the better focus would be on whether the court had jurisdiction to issue this order. This certainly is a pending case. The case is on the docket at the district court level. You first have to figure out whether your client has standing to complain about whether it did or not. I don't really think that's correct because I think a bigger problem is having a district court enter an order that it doesn't have jurisdiction to enter if that's the case, if you find that, and that that cannot be appealed or otherwise reviewed because then you're left with a situation where a district court Well, the problem with that is that's a question about whether the district court had the authority to do what it did. But your client has appealed, purported to appeal that order. Right. And that raises a question of whether we have jurisdiction to entertain your appeal. And that comes first, doesn't it? I'd have to say no because I think you can't have a situation or I don't think it's a justice system where you have a district court that can, I mean, Mr. Amadeo is certainly part of this case. He's a named party. So there's no question he's like a third-party intervener. He is part of this case. And to have a court system where a district court can enter an order and if it's not, you know, pursuant to a statute rule or whatever, there must be reviewable. And the problem is that if there's not standing here, there wasn't standing in the district court either. So there are two, are there not two sort of subject matter jurisdictional types of issues that are lurking around? This, yes, because this is so complicated. And, again, I think that all stems from the government filing a motion that it did not have a proper basis because it said it was civil in nature, which it was not because it's still part of the criminal case. So when you have a situation where the motion itself is not based on any law or statute, then it just, the whole thing disintegrates. And whoever, there must be somebody that can challenge it. And the only person is Mr. Amadeo. So I think that's why I think the question of standing is, I understand it's very important. Perhaps, perhaps if there's someone who claims an interest in these properties who wants to intervene, they could do so. But what's not clear to me is why your client, who divested his interest over 10 years ago, has any right to complain about it now. Do you want me to answer that? You may respond to that, yes. I fully comprehend what you're saying. I just think this court, in terms of jurisdiction, which obviously is a very fundamental part of the court system, you have an order from the district court. And I think that that order is appealable. I think this court can review that order. And so the question would be, how can they review that order? And I think Mr. Amadeo is, he's a named party to this case. And there's at least a chance that he's impacted by this, based on the questions you've submitted. Okay. All right. Thank you. I think I understand your response, Ms. Billington. And you've saved your three minutes for rebuttal. Ms. Cream?  Anita Cream for the United States. May it please the court. The district court had the authority under Rule 60B6 to Do we need to get to that? No, you don't. Well, let me ask you a question. Let's just say that there's no jurisdiction and there's no standing. Let's just assume for the purposes of this question that that's the case. Is there some reason under SINOCHEM why we should not decide the jurisdiction issue before we decide the standing issue? I think SINOCHEM is in opposite here. Because in SINOCHEM what you had was a situation where the district court initially was looking at different bases to dismiss the plaintiff's action. So they all fell to one side. Here you've got a question of the district court's jurisdiction to enter an order being raised by someone with no claim to the property at issue and therefore a different situation. Well, let me ask you this. Isn't the jurisdictional issue a non-merits issue? It is a non-merits issue, yes. And isn't the standing issue a non-merits issue? Yes. Okay. That being the case, what didn't SINOCHEM hold that a court may decide non-merits issues in any order that it deems appropriate? To some extent, yes, Your Honor, that is what it held. But the situation being very different where the choices among them were different bases to dismiss a plaintiff's action. Here, because essentially you've got a jurisdictional issue potentially, to the extent there is one, on either side, I think the case law is clear, you always start with standing. Well, actually, where is the case law that says you start with standing over jurisdiction? Well, every time this court has looked at, just using the forfeiture context, claims in the ancillary proceeding, the first inquiry is always, does the party challenging the forfeiture have standing? Yes. Go ahead. Yes, but do we have a case that says if you have, if the district court lacks jurisdiction and the person challenging the jurisdiction lacks standing, you still decide the standing, you are required to decide standing first? I don't know that we have a case, but we also don't have that problem here because the clerk clearly had it. Well, we do have that problem, though, because if the district court didn't have jurisdiction in the first place, that's the first problem, right? And if, and of course in this case, Mr. Amadeo did not challenge the jurisdiction originally, but let's just assume for the sake of argument and this question that he did challenge the jurisdiction originally. Even then, that would still be the first question, whether there's jurisdiction, and who would challenge the jurisdiction? Let me make a suggestion to you, Ms. Cream. Yes, please. So there's Article III questions about whether there's a case or controversy in two different courts here. Correct. There's a question about whether there's a case or controversy in the district court that's within its subject matter jurisdiction, but there's also a question about whether we have a case or controversy in this court. And before we would address whether the district court had subject matter jurisdiction over the action before it, we would first ask whether we have jurisdiction, whether we have a case or controversy. And that, the main question about that is whether Mr. Amadeo has standing to appeal the order the district court entered. Am I stating it the way you understand it? You are, and the answer to that question is no, he lacks standing for two reasons. One, as you've already identified, it's law of the case, but secondarily, it's also well established in this court and in many others that a defendant whose interest has been forfeited by virtue of a preliminary order of forfeiture lacks standing to challenge any aspect of the ancillary proceeding. Now, it may be that we, I think, would you agree Judge Rosenbaum's right that if we're just distinguishing between, say, an issue of justiciability, like standing, and an issue of statutory jurisdiction, say, jurisdiction under Section 1291 of the, of Title 28, right? Right. We could pick and choose in what order we want to address those, but the first question for any court is whether that court has jurisdiction. I think that's correct, and the district court has jurisdiction by virtue of... Do we go to whether the district court has jurisdiction before we satisfy ourselves that we have jurisdiction? You need not. No, no, no, no. No, can we? I have a more fundamental question. You say you need not. Can we? Can we even entertain a question about the district court's jurisdiction until we satisfy ourselves that we have jurisdiction? No. All right, so let me ask you this. If that is the reason why, and we have case law that suggests that where there... First, let me ask you this. Would you agree that standing was also an issue before the district court? Absolutely. Okay, so if we have case law that shows that where you've got two issues of this nature, they both sort of are considered to be issues at the district court level, then in that circumstance, under SINOCHEM, we could determine either one first that we deem appropriate. Perhaps you can. Again, I come back to the fact that you don't need to make that determination here because it is clear that the defendant does lack standing in the district court and in this court, and it is equally clear that the district court had the jurisdiction and the authority to enter the order that it did. Let me ask you about that. You're going to go into this 60B, authority of the district court, right? But this was a criminal proceeding, right? Correct. So let's assume that you're wrong about the 60B, and let's also assume that the district court was without authority. Okay? As a practical matter, where are we then? Let's say we assume that we have jurisdiction. Let's assume Amadeo has standing. Let's assume that the district court had no authority to do what it did. Where are we? We're back to the preliminary order of forfeiture, are we not? We are. And there that was decided that Amadeo had no interest. Correct. So this is all an academic exercise. It is, and I'd point also to 21 U.S.C. 853H, disposition of property. Because to the extent that the defendant believes there's some confusion about the fact that we have no final order, but we do have a preliminary order of forfeiture, the statute speaks to that. Do you really care if Amadeo gets the property back that you don't want for whatever reason? There may be some liability associated with it. Do you really care if he gets the property back? I mean, why not give it to him? Let him have all the liabilities. I care not in the least about whether or not Mr. Amadeo has the property back. That, I think, was clear in my inartful motion to the district court. But I care very much about the government's ability to vacate final orders of forfeiture. So let me ask you a question, because it is important whether Mr. Amadeo gets any interest back in the property. To me, anyway, I think if he gets an interest back in the property, then we have standing. And it doesn't matter about the law of the case, because these are things that happened after we entered the other order. So in the district court, it appeared to me that you did argue that it reverts to him. But now I understand you to be arguing that it just sort of, I mean, disappears into thin air. I guess it doesn't revert to him and nobody has an interest in it. I just want to make sure I understand what your position is. What is your position with respect to what happens to the interest, the government's interest, that has now been vacated and that had previously been forfeited from Mr. Amadeo? Does he receive it back? Does he have any interest at all? What is the status? Sure. So let me address the facts on that first and then the law. As Judge Moore says, this is truly academic. Nexia, as the record shows, was administratively dissolved back in 2008 and Acme in 2009. So what we're talking about are companies that ceased to exist shortly after or shortly before, depending on which company, the entry of the preliminary order of forfeiture. But even so, I mean, it still matters, right? If the order purports to reinvest Mr. Amadeo, and I think I called him Mr. Amadeus a moment ago, and I apologize, but Mr. Amadeo with some type of interest in the company, even if the company, you know, isn't really doing very much right now, then Mr. Amadeo has standing. I would agree, but that's not what the order does. While the government indicated its willingness to have that happen, the only thing that happened was the final order was partially vacated as to Nexia and Acme, and the preliminary order stood as to all of the corporations. And when you read that with 853-H, it makes clear that when an asset can't be transferred to the government for value, the defendant's interest is extinguished and he can never have it back. Okay, so now let me ask you another question. If we think there's no jurisdiction, then how would other courts know that they cannot, in similar situations, vacate the forfeiture if we don't address it here? Well, again, I think that's a merits determination, and if there's no standing— Okay, but I'm asking you to assume that there's standing in this— All right, even you can assume there's not standing, but even so, let me ask you, how would courts, other courts know that they don't have jurisdiction and they can't exercise jurisdiction to enter a vacator of a forfeiture order in circumstances such as these if we don't address it, if no one can address it? Well, there are certainly other instances where district courts do things that end up not being reviewable, and again, the court did have jurisdiction here, so that's not a good concern. Okay, but I'm saying to assume that the district court did not have jurisdiction. How would that—I mean, obviously it's not an issue right now, but let's say that other courts look at this case and decide that they can vacate forfeitures under similar circumstances, and we're of the opinion—and I'm just speaking for myself. I'm not intending to suggest anybody else may or may not feel this way, but let's say that we're of the opinion that there was no jurisdiction for the district court to do this. I mean, how does this stop happening if the only parties that have some kind of a live interest or the only party that has a live interest in this is the government, and we don't have the authority—I mean, I think we do have the authority, but if we don't address—if we don't choose to address the jurisdictional issue before addressing the standing issue? I don't know how to answer that question except to say that it would fall into the same category of other cases where you might look at a record and want to change something but not have that issue ripe for review, and again, there are a number of circumstances where— at some point, it's likely to become ripe for review, or at least it's a case of controversy in the idea of—well, at some point, it will become a case of controversy, I suppose. But in this situation, in this circumstance, there's no way that this can ever be challenged, ever. Well, why does it need to be challenged? There is no third party with an interest in the property. Don't you think it's problematic when a court exercises power it doesn't have? I mean, that seems like a big Article III problem to me. I think it's abundantly clear that this court had jurisdiction to do what it did. Right, but your argument relies on it having had jurisdiction. But if it doesn't have jurisdiction, why is that not a problem, that it's doing things that it doesn't have the power to do? Because no one was harmed, because there was no third party whose interest was adversely impacted. Ms. Crean, let's assume that the district court lacked the authority to do this. Is it any less of a problem if we don't have jurisdiction to say anything about it, but we go ahead and do it? I— In other words, if there's a problem of a district court doing something without authority, isn't there also a problem when an appellate court does something when it lacks authority because the appellant lacks standing? Yes, it just compounds the problem in essence. And again, you come back to the situation that— But that's only if—that's only if Sinochem does not allow the court to decide the jurisdictional issue first. Isn't that right? In either way, you've got a court doing something with a party that lacks standing, and we're not getting to a merits review. Well, let's look at it this way. Okay. Does Sinochem—does that case address at all whether a court can choose between a jurisdictional question as between the justiciability of the controversy in the reviewing court versus the jurisdiction of the reviewed court? No. Does it address that at all? It does not. It looks solely at the district court's ability. So if we have cases, for example, that go up to the Supreme Court of the United States, Supreme Court grant cert, big question. Courts are divided. Everyone would like an answer to the question, gets briefed, and then we find out that something's happened that makes the case moot. In other words, we no longer have a case or controversy in the Supreme Court, and the Supreme Court has to dismiss the case, right? It doesn't go, though, trying to determine whether the court of appeals or the district court had jurisdiction. It dismisses the case because the case before it has become moot under Article III, right? Correct. So let me just make sure that I understand. I thought you said that standing and jurisdiction were both issues in the district court. Did you not say that? Standing would, I suppose I misspoke, standing would have been an issue if the defendant had appeared. Well, actually, you're right. Well, the defendant did appear. When he filed the motion for reconsideration. Yes. So both standing, then, and jurisdiction are on appeal, are they not? Well, the court— I mean, they would have to be because the court found he didn't— When the court denied the motion for reconsideration, it did so solely on standing, and there is no question as to the court's jurisdiction to deny reconsideration. So both of these questions are on appeal, and both of them were before the district court, right? Yes. Yes. Okay. Thank you. And we have to figure out, though, too, whether we have jurisdiction over the appeal, right? Can I—Judge Rosenbaum is—I think if I hear her question, she's concerned about some rogue district court judge doing something that they don't have the authority to do, and sometimes district court judges do these things. But the—and she doesn't want them to continue to do that. So can I suggest a solution? Because Judge Pryor thinks that we don't have jurisdiction. So can we say that we don't have jurisdiction, but by the way, not as a holding, we don't think, even though the United States thought the district court had jurisdiction, we don't think the district court really had jurisdiction. And in the future, you know, you ought not to exercise this type of authority. At least we have something out there to guide district court judges who may go a little rogue on relying on 60B, a civil provision for them. Can we do that? No. Why not? Well, I mean, of course, you can do it. But what would be—would it be an advisory opinion? Yes. Because we lack jurisdiction over the controversy? Yes. And I realize that my time is up, but I would very much like the opportunity to quickly address why I believe the court had the authority. No. Okay. You've gone well over. I think we've—you've had your opportunity. We're going to hear three minutes of rebuttal from Ms. Middleton. Thank you, Your Honor. Middleton. Thank you. Ms. Middleton. Yes. I have to say that standing is a very complicated issue that I know the courts are fascinated with. And I've had some experience in the D.C. Circuit on issues of standing and mootness, so I'm very familiar with that. But I think that Judge Rosenbaum is onto something because I believe that the fundamental issue of jurisdiction needs to be addressed, and then the courts, like your court, can then discuss standing, mootness, ripeness, and those types of things. But you have to have the chance to discuss that. And many court opinions, as I'm sure you know, discuss those very important issues. But the first step is jurisdiction to be able to discuss it. For example, in mootness, often parties are asked to brief, you know, if the question of mootness comes up, the parties are asked to submit supplemental briefs, and then the court does rule. It's moot in the court of appeals, even though it wasn't moot in the district court, right? And instead of addressing the jurisdiction of the district court, we would first have to address our own jurisdiction, that is, whether the case before us has become moot. And if it has, we would have to dismiss, wouldn't we? We would dismiss the appeal. I mean, I think that the courts write opinions discussing why something is moot. So they have jurisdiction to write the opinion. Otherwise, there would be no opinions about moot. It would just be simple dismissal. Yeah, but when they do it, they're dismissing. When a court of appeals dismisses a case as moot, it's dismissing the appeal as moot. And it has to address that before it addresses the jurisdiction of the district court. But I believe I understand what you're saying. Is that wrong? I think there's a distinction between a court of appeals ruling on a district court order, which is what is really at issue here, and then in the course of ruling on that, discussing standing. And you have, I believe you have the jurisdiction to rule on the district court order and then say, make your, whatever your determination of standing is. But only if we have jurisdiction over the appeal. Isn't that right? I think the jurisdiction comes from the court order, district court order, being on appeal under 1291. I think you have to have jurisdiction. But if the appeal itself is not justiciable because your client lacks standing to complain about it, then we don't. Isn't that right? Like I said, I believe that the courts of appeals have written countless numbers of opinions discussing standing, mootness, et cetera. So they must have had some basis on which to be able to issue those opinions and not just simply say, case is dismissed. Okay. Anything else, Ms. Fiddleman? No, thank you very much. I appreciate it. We know you were court appointed, and we appreciate you taking the appointment and coming today to assist us in addition to your brief. Thank you. We'll go now to the second.